## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

2004 NOV 22 PH 3: 42

**GRAND PACIFIC FINANCING CORPORATION**                     **PLAINTIFF**

vs.                                         CIVIL ACTION NO.:  **04-3196**

**CHANDRA MOHAN KAILAS**                                  **DEFENDANT**

**SECT. N MAG. 3**

### COMPLAINT

COMES NOW Grand Pacific Financing Corporation (Grand Pacific), the Plaintiff herein, by and through counsel, and files this its complaint against Defendant Chandra Mohan Kailas (Kailas), and in support thereof would state as follows:

### PARTIES

1.      Grand Pacific is a corporation organized and existing under the laws of the State of California, with its principal place of business in Monterrey Park, California.

2.      Defendant Kailas is an adult resident citizen of Metairie, Louisiana and may be served with process at his address of 3525 N. Causeway Blvd., Suite 1040, Metairie, Louisiana 70002.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 (diversity of citizenship), as this is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest in costs, and is between citizens of different states.

4.      Venue is proper in this court, inasmuch as this is the district and division where the Defendant resides.

Fee_____150.____
Process_____
X   Dktd_____
____ CtRmDep_____
____ Doc. No._____

## FACTS

5.      Kailas was a member and manager of Jackson H.I., L.L.C. (hereinafter "Jackson H.I."), a limited liability company organized and operating under the laws of the State of Mississippi.

6.      On or about May 28, 1999, Jackson H.I. borrowed Four Million Five Hundred Seventy Five Thousand Dollars ($4,575,000.00) (the Loan) from Grand Pacific for the purpose of acquiring, constructing, repairing and/or renovating certain hotel property located in Jackson, Mississippi, and in connection therewith executed, among other things, a Loan Agreement, Note and Deed of Trust (the Loan Documents)(all of the obligations of the borrower under the Loan Documents are referred to herein as the "Obligations"). Copies of said Loan Agreement, Promissory Note (the "Note") and Deed of Trust are attached hereto as Exhibits "A", "B", and "C", respectively, and are incorporated herein by reference.   At that time, Kailas unconditionally guaranteed the Obligations by written guaranty (the Guaranty) executed on the same day of the Loan Documents. A true and correct copy of the Guaranty is attached hereto as Exhibit "D," and is incorporated herein by reference.

7.      On or about April 10, 2003, Kailas sold his membership interest in Jackson H.I. to Charles Morias and Vinay Bose.   In order to induce Grand Pacific to grant its permission to transfer the membership interest in Jackson H.I. to Morais and Bose and to release Kailas from the Guaranty, Kailas agreed to pay off certain existing junior liens against the hotel property collateralizing the loan. Those liens, included, but were not necessarily limited to, the following:

> a.      Judgment No. 01-2969 against Jackson H.I., LLC FDBA Holiday Inn Southwest by Marietta Drapery and Window Coverings Co., Inc., dated October 8, 2001, rendered in County Court, enrolled in Judgement Roll No. 439, Page 405, in the amount of $54,494.65.

2

     b.     Judgment No. 02-4092 against Jackson H.I., LLC by Ecolab, Inc., dated September 30, 2002, rendered in County Court, enrolled in Judgment Roll No. 456, Page 309, in the amount of $1,500.00.

     c.     Judgment No. 293072 against Jackson H.I., LLC d/b/a Holiday Inn Southwest by MESC, dated November 14, 2002, rendered in MESC court, enrolled in Judgment Roll No. 82, in the amount of $25,591.82.

     d.     County Tax Sale for 2001 taxes due January, 2002, dated August 26, 2002, No. 2112, Assessed to Jackson H.I., LLC sold to Midwest Management–Matured; amount to redeem $132,512.06.

     e.     County Tax Sale for 2002 taxes due January, 2003, dated August 25, 2003, No. 2397, assessed to Jackson H.I., LLC, sold to Heartwood 88, LLC, amount to redeem being $136,288.53 by October 25, 2004.

8.     Kailas has failed to pay off these liens as promised, and he not been released from his Guaranty.

9.     Jackson H.I. is in default on the Obligations, and the Loan has been accelerated.

10.     Jackson H.I. is currently indebted to Plaintiff in the amount of Four Million Nine Hundred Eleven Thousand Nine Hundred Nineteen Dollars and Fifty-three Cents ($4,911,619.53), plus daily accruing interest, late charges, damages, costs and attorneys' fees. Plaintiff has a right to demand payment of the indebtedness of Jackson H.I. and enforce the same, first and directly, upon Defendant, as guarantor, and in accordance with the aforementioned Guaranty.

11.     Pursuant to the terms of the Guaranty, the provisions of the Guaranty are to be construed and interpreted in accordance with the laws of the State of California. Therefore, in accordance with La. C.C. art. 3540, the laws of the State of California govern this dispute.

**WHEREFORE, PREMISES CONSIDERED**, Grand Pacific Financing Corporation, the Plaintiff herein, demands judgment against the Defendant, Chandra Mohan Kailas, for all amounts of principal and accrued interest due under the Loan Documents, together with late charges, attorneys'

fees, costs, damages, and pre-judgment and post-judgment interest as provided in the Loan Documents, the exact amount of which will be shown at the trial hereof. Plaintiff further requests all such further relief, general and specific, to which Plaintiff may be entitled in the premises.

Respectfully submitted this the _15th_ day of November, 2004.

GRAND PACIFIC FINANCING CORPORATION

By: _____
D. Stephen Brouillette, Jr. (La. Bar # 29105)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
600 Lamar Life Building
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 355-8321
Facsimile:      (601) 355-4217

# 128645                                        4

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED

